UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EBONY GARDNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV2063 RWS |
| | ) |
| ORGANON USA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

The multijurisdiction litigation case <u>In re NuvaRing Products Liability Litigation</u>, MDL 1964 has been assigned to this Court. A review of the cases that have been filed in this matter has identified several cases which have been improperly filed in this venue and which have not been added to the MDL.

Plaintiff filed her complaint in this district apparently under the impression that venue is proper here because the MDL case is based in this Court. Her venue statement in her complaint states:

> Venue of this case is appropriate in the United States District Court for the Eastern District of Missouri. Plaintiff states that but for the order permitting direct filing into the Eastern District of Missouri, Plaintiff would have filed in the United States District Court for the Eastern District of Missouri. Therefore, Plaintiff respectfully requests at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above-referenced District Court.

(Complaint at ¶ 15)

The venue statement is not correct. No order has authorized the direct filing of cases in the MDL or in the Eastern District of Missouri where otherwise not warranted.

Under 28 U.S.C. § 1391(a), when jurisdiction is founded only on diversity of citizenship, as in the present case, the action may be brought **only** in 1) a judicial district where any defendant resides, if all of the defendants reside in the same State; 2) a judicial district where a substantial part of the events giving rise to the claim occurred; or 3) a judicial district in which the defendant is subject to personal jurisdiction if there is no district in which the action may otherwise be brought.

The complaint alleges that Plaintiff's injury occurred in Ypsilanti, Michigan. As a result, it appears that the proper venue of this lawsuit is in the Eastern District of Michigan, Southern Division.

I find that the interest of justice is best served by transferring this matter to the Eastern District of Michigan. The case should then be brought to the attention of the United States Judicial Panel on Multidistrict Litigation for transfer to this Court.

Accordingly,

**IT IS HEREBY ORDERED that** the Clerk of Court shall transfer this action under 28 U.S.C. 1406(a) to the United States District Court for the Eastern District of Michigan, Southern Division.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of June, 2011.